IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFERY ALLEN WHITE, | )<br>) |
| Plaintiff, | )  NO. 3:11-00353<br>)  JUDGE HAYNES |
| v. | )<br>) |
| DR. f/n/u ALEXANDER, *et al.*, | )<br>) |
| Defendants. | ) |

# MEMORANDUM

Plaintiff, Jeffery Allen White, an inmate at DeBerry Special Needs Facility ("DSNF"), filed this action under 42 U.S.C. § 1983 against the Defendants: Paul Alexander; Dr. Madubueze Novozo; Dr. David Sehorn, P.A.; Joel T. McConnell; Greg Pitts, Director of Nursing; Tennessee Department of Corrections ("TDOC"); Gayle Ray, Former Commissioner of TDOC; Derrick D. Schofield, TDOC Commissioner; First Medical Management; Sharon Blakely, Cassandra Hason, Steve Freeman, Nancy Shea, and Judy Sweeny, nurses; Officer Omar Torres; and Sherry Goodwin. Plaintiff's claims arise out the alleged refusal of Defendants Hasan, Blakely, Torres, Shea and/or Sweeny to change the bandages on Plaintiff's IV site.

Before the Court is the motion to dismiss (Docket Entry No. 65) filed by Defendants Sehorn, McConnell, TDOC, Ray, Schofield, Blakely, Hason, Freeman, Shea, Torres, and Sweeny. These Defendants contend, in essence that: (1) in their official capacities the Defendants enjoy sovereign immunity and are not "persons" under 42 U.S.C. § 1983; (2) Plaintiff fails to state a claim against Defendants Sehorn, McConnell, TDOC, Ray, and Freeman; and (3) Plaintiff's allegations fail to describe a mental illness requiring a transfer to a different prison.

1

For the reasons set forth below, the Court concludes that the Defendants' motion to dismiss (Docket Entry No. 65) should be granted as to Defendants Sehorn, McConnell, TDOC, Ray, and Freeman. The motion to dismiss should be denied as to Defendants Schofield, Blakely, Hason, Shea, Torres, and Sweeny without prejudice to renew after the filing of an amended complaint by Plaintiff's counsel.

### A. Analysis of the Complaint

As to Defendants Hasan, Blakely, Torres, Sweeney, and Shea, Plaintiff asserts claims of deliberate indifference to his serious medical needs, alleging that the Defendants refused to change the bandages affixed to Plaintiff's IV site. (Docket Entry No. 1, Complaint at 10). According to Plaintiff, an internal tube was inserted into Plaintiff's chest and regular changes of the bandages on his IV site are needed to prevent bodily damage. Id. at 10.

Specifically, Plaintiff alleges that on November 29, 2010, Defendant Hassan refused to change the bandages on Plaintiff's IV site. Id. In response, Plaintiff filed an emergency grievance that the prison officials deemed not to be an emergency. Id. On December 8, 2010, Plaintiff filed another grievance and prison officials similarly ruled. Id. Plaintiff appealed to the TDOC Commissioner, who upheld the supervisors' response to Plaintiff's grievance. Id. Plaintiff asserts that on several occasions between December 4, 2010 and December 29, 2010, Defendants Hasan, Blakely, Torres, Sweeny, and Shea each refused to change Plaintiff's bandages. Id. at 10-11. After each incident, Plaintiff filed a grievance. Id. Plaintiff's grievances were subsequently consolidated, but have yet to be heard. Id. at 10.

As a result of the Defendants' alleged neglect, Plaintiff asserts that he has had multiple infections and a deadly fungus that required numerous hospital visits as well as a blood transfusion caused by the Defendants' alleged failures to draw his blood timely. Id. at 11, 12.

2

Plaintiff further asserts that he suffered from vomiting, high fever, blood in urine, and other mental and physical pain. Id. at 11. Moreover, Plaintiff alleges that the Defendants' neglect forced him to render his own medical care, including administering his own IV antibiotics and fluids, changing his own bandages, and drawing his blood out of an IV line. Id. at 11, 12.

Plaintiff contends that he asked the Defendants to provide him with the care he needed, but they were unresponsive and told him "to suck it up, that it was all [Plaintiff's] fault for mutilating [himself], to be a man." Id. at 13. Plaintiff alleges that he had to threaten to mutilate himself to have his bandages changed and that he was mistreated because of his status as a mental health inmate. Id. at 11.

From the Court's review of the complaint, Plaintiff does not allege any facts on the involvement of Defendants Sehorn, McConnell, TDOC, Ray, and Freeman.

### B. Conclusions of Law

Pro se complaints are to be construed liberally. Boag v. MacDougall, 454 U.S. 364, 365 (1982). Upon consideration of any motion to dismiss, a District Court is to "treat all of the well-pleaded allegations of the complaint as true." Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). In addition, "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (overruled on other grounds). Pro se complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

The plaintiff, however, must allege what personal role each defendant played in the alleged violations of his rights and how each defendant's conduct caused that violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982); accord Mosier v. Gillard, No. 88-5311, 1988 WL 107172,* 1 (6th Cir. Oct. 17, 1988) (dismissal of complaint upheld for failure to plead specific

3

facts where plaintiff did not identify who opened his mail or whether it was opened intentionally or inadvertently).

Given Plaintiff's failure to allege any facts about Defendants Sehorn, McConnell, Ray, and Freeman in his complaint, the Court concludes that Plaintiff fails to state a claim against those defendants. TDOC, as a state entity, is not a person that can be sued in a § 1983 action. Alabama v. Pugh, 438 U.S. 781, 782 (1978).

For Plaintiff's § 1983 claim against Defendants Schofield, Blakely, Hason, Shea, Torres, and Sweeny, Plaintiff must plead that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). As a matter of law, state officials sued only within their official capacities are not "persons" for § 1983 purposes. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). However, state officials sued in their official capacities for injunctive relief are deemed "persons" under § 1983. Id. at 71 n.10.

In his complaint, Plaintiff seeks injunctive relief of admittance into a mental hospital, but also asserts punitive damages from each defendant. As to Plaintiff's claims for punitive damages under Wells v. Brown, 891 F.2d 591, 592 n.1 (6th Cir. 1989), the pro se plaintiff is required to plead the individual or official capacity status. Absent specification, it is presumed that an official is named in his or her official capacity, id. at 594, but the Court considers the complaint and the course of the proceedings.[1] Moore v. City of Harriman, 272 F.3d 769, 773 (6th Cir. 2001)(en banc). In a subsequent decision, the Sixth Circuit stated:

> [W]e consider the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the

---

[1] While Plaintiff's complaint indicates that he is suing the defendants in their official capacities only, it is unclear whether Plaintiff intends this for every defendant or only for the last defendant listed on each page. See Complaint at 5-9.

4

defendant had actual knowledge of the potential for individual liability. We also consider whether subsequent pleadings put the defendant on notice of the capacity in which he or she is being sued.

Shepherd v. Wellman, 313 F.3d 963, 968 (6th Cir. 2002).

As to whether the Plaintiff intends to sue the Defendants in their individual or official capacities, the Plaintiff is suing principally for damages for past wrongs committed by individual defendants, but states he is suing the Defendants only in their official capacities. Yet, Plaintiff's complaint also seeks punitive damages that can only be assessed against an individual. Such an allegation can place an individual on notice of the potential for individual liability. Moore, 272 F.3d at 773. Given that Plaintiff's original complaint is pro se with conflicting assertions and that the Magistrate Judge appointed counsel to represent Plaintiff, the Court concludes that Plaintiff should be given leave to file an amended complaint as the plaintiff in Shepherd. 313 F.3d at 968. Plaintiff's amended complaint by counsel can clarify his claims.

Accordingly, Defendants' motion to dismiss (Docket Entry No. 65) should be granted as to Defendants Sehorn, McConnell, TDOC, Ray, and Freeman. The motion to dismiss should be denied as to Defendants Schofield, Blakely, Hason, Shea, Torres, and Sweeny without prejudice to renew after the filing of an amended complaint by Plaintiff's counsel.

An appropriate Order is filed herewith.

ENTERED this the __19th__ day of October, 2011.

WILLIAM J. HAYNES, JR
United States District Judge